**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

**John & Leah Peggs**

Debtor
*In a joint case,*
*debtor means debtors in this plan.*

**CHAPTER 13 PLAN**

Dated: **September 9, 2016**

Case No. _____

1. **DEBTOR'S PAYMENTS TO TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **0**
   b. After the date of this plan, the debtor will pay the trustee $ **300** per **month** for **36** months, beginning within 30 days after the order for relief, for a total of $ **10,800**. The minimum plan length is 36 months from the date of the initial plan unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee _____
   d. The debtor will pay the trustee a total of $ **10,800** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claims have been filed. The trustee may collect a fee of up to 10% of the plan payments, or $ **1,080** [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [** § 1326(a)(1)(C)**]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | a. _____ | $ _____ | _____ | $ _____ |
   | b. _____ | $ _____ | _____ | $ _____ |
   | c. TOTAL | | | $ _____ |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [**§ 365**]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7. In the event of the surrender, repossession or return of the collateral to the creditor, then the lease shall be deemed rejected, and any remaining balance on the claim will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

   | Creditor | Description of Property |
   |---|---|
   | a. _____ | _____ |
   | b. _____ | _____ |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. The creditors may also send monthly invoices or make automatic deductions from a bank account for ongoing, post-petition monthly payments without being in violation of the automatic stay. In the event of the surrender, foreclosure, repossession or return of the collateral to the creditor, any remaining balance on the claim will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

   | Creditor | Description of Claim |
   |---|---|
   | a. _____ | _____ |
   | b. _____ | _____ |
   | c. _____ | _____ |

6. **HOME MORTGAGES IN DEFAULT**— The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default. In the event of the surrender, foreclosure, repossession or return of the collateral to the creditor, any remaining balance on the claim will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| b. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| c. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| d. TOTAL | | | | | $_____ |

7. **CLAIMS IN DEFAULT**— The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to creditors. The creditors will retains, if any. In the event of the surrender, foreclosure, repossession or return of the collateral to the creditor, any remaining balance on the claim will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan. ***All following entries are estimates, except for interest rate.***

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. _____ | $_____ | _____ | $_____ | _____ | _____ | $_____ |
| b. _____ | $_____ | _____ | $_____ | _____ | _____ | $_____ |
| c. _____ | $_____ | _____ | $_____ | _____ | _____ | $_____ |
| d. TOTAL | | | | | | $_____ |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. In the event of the surrender, foreclosure, repossession or return of the collateral to the creditor, any remaining balance on the claim will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly X Payment) | Number of = Payments | Payments on Account of Claim | (Adequate + Protection from ¶3) | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. _____ | $____ | $____ | ____ | ____ | $____ | ____ | $____ | $____ | $____ |
| b. _____ | $____ | $____ | ____ | ____ | $____ | ____ | $____ | $____ | $____ |
| c. _____ | $____ | $____ | ____ | ____ | $____ | ____ | $____ | $____ | $____ |
| d. TOTAL | | | | | | | | | $____ |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ **3,000** | $ **270** | **1** | **12** | $ **3,000** |
| b. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| c. IRS | $_____ | $_____ | _____ | _____ | $_____ |
| d. MN Dept. of Rev. | $ **841** | $ **270** | **13** | **3** | $ **841** |
| e. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| f. TOTAL | | | | | $ **3,841** |

10. **SEPARATE CLASS OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in ¶ 11, there shall be a separate class of non-priority unsecured creditors described as follows: _____
    The trustee will pay the allowed claims of the following creditors. *All entries are estimates.*

| Creditor | Interest rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. _____ | _____ | $_____ | $_____ | _____ | _____ | $_____ |
| b. _____ | _____ | $_____ | $_____ | _____ | _____ | $_____ |
| c. TOTAL | | | | | | $_____ |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **5,879**   [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f) and 10(c)].

    a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0** .
    b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **158,131** .
    c. Total estimated unsecured claims are $ **158,131**     [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed. Late filed claims are subject to objection pursuant to 11 U.S.C. § 502(b)(9).

13. **OTHER PROVISIONS** – The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
    Any federal, state, or property taxes shall be paid per claim whether filed as priority or secured.

    In the event a secured creditor is granted stay relief and, or the surrender, repossession or return of collateral to the creditor for any reason, the creditor may file a proof of claim for any deficiency within 30 days after the surrender, repossession or return of the collateral. If such a proof of claim is filed, the claim, if any, will be paid as an unsecured claim in accordance with non-bankruptcy law, dischargeable upon completion of this plan, or any future modified plan.

    The debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. They shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.

14. **SUMMARY OF PAYMENTS** –-
    Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,080**
    Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
    Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
    Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
    Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **3,841**
    Separate Classes [Line 10(c)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
    Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **5,879**
    TOTAL [must equal Line 1(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **10,800**

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*

Schreiber Law Office, LLC                           Signed  /e/ John M/ Peggs
Richard M. Schreiber #027057X                       DEBTOR
P.O. Box 2273
Inver Grove Hts., MN 55076                          Signed  /e/ Leah A. Peggs
Phone: (651)554-0121  Fax: (651)554-0122            DEBTOR (if joint case)